UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DR. PETER AND STEPHANIE NEWSOM,<br><br>Plaintiffs,<br><br>vs.<br><br>BAC HOME LOANS SERVICING, LP,<br><br>Defendant. | Case No:  C 11-00423 SBA<br><br>Related to:<br>C 09-5288 SBA<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>Dkt. 15 |

The instant action arises from a contract dispute between Plaintiffs Dr. Peter and Stephanie Newsome (collectively "Plaintiffs") and Defendant BAC Home Loans Servicing, LP ("Defendant").  The parties are presently before the Court on Defendant's Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 15.  Having read and considered the papers submitted and the record in this action, and being fully informed, the Court hereby DENIES the motion.  Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court adjudicates the instant motion without oral argument.

I.     **BACKGROUND**

Plaintiffs own property located at 150 Brookwood Road, Woodside, California 94062.  Compl. ¶ 1, Dkt. 1.  On December 1, 2009, Plaintiffs and Defendant, a subsidiary of Bank of America, entered into a Loan Modification Agreement. Id. ¶ 3.  In accordance with the terms of that agreement, Plaintiffs made monthly mortgage payments in the amount of $7,992.06, from February 2010 to July 2010. Id. ¶ 4.  However, beginning August 1, 2010, Defendant refused to accept Plaintiffs' payments. Id. ¶ 6.  Plaintiffs' attorney contacted Bank of America to ascertain why Plaintiffs' mortgage payment was not accepted and requested an accounting of payments made to date. Id. ¶ 7.  Counsel was neither provided with an explanation nor an accounting. Id.

On November 30, 2010, Plaintiffs filed suit against Defendant in San Mateo County Superior Court. The Complaint alleges a single cause of action for breach of contract, based on Defendant's failure to accept their monthly payments in accordance with the Loan Modification Agreement. They allege that as a result of Defendant's breach, Plaintiffs have accrued "false late fees and other charges" amounting to $41,803.28. Id. ¶ 13. In addition, Plaintiffs accuse Defendant of having "falsely submitted negative entries on Plaintiffs' credit reports and damaged each of their credit reputations," and that Defendants breach of agreement has again placed them at risk of foreclosure. Id. ¶ 8. Plaintiffs assert that Defendant's actions are in retaliation for Plaintiffs' pursuit of a separate lawsuit pending in this Court and to gain leverage "to force dismissal or settlement by wrongfully refusing payments and intentionally falsely creating a reason to foreclose, which foreseeably causes extreme anguish and emotional distress in the Plaintiffs." Id. ¶ 14.[1]

On January 28, 2011, Defendant removed the action to this Court on the basis of diversity jurisdiction. Subsequently, Defendant filed a motion to dismiss on the ground that Plaintiff has failed to allege any compensatory damages stemming from the alleged breach of contract. The matter has been fully briefed and is now ripe for adjudication.

## II. LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim based on deficient pleading, a complaint must satisfy the notice pleading requirements of Federal Rule of Civil Procedure 8, which requires that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 (2002). The Court "accept[s] as true all well-pleaded allegations of material fact, and construe[s] them in the light most favorable to the non-moving party." Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010). The facts alleged must be sufficient to present a "plausible" claim, and to provide

---

[1] The other lawsuit is Newsome v. Countrywide Home Loans, C 09-5288 SBA, which currently is pending before this Court. The Court deemed the actions related under Local Rule 3-12 on March 4, 2011.

the defendant with "fair notice of what the … claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007); Ashcroft v. Iqbal, 129 S.Ct. 1937, 1951 (2009).  Where a complaint or claim is dismissed, leave to amend generally is granted, unless further amendment would be futile.   Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1087-88 (9th Cir. 2002).

## III.   DISCUSSION

To state a claim for breach of contract under California law, Plaintiff must plead facts establishing:  "(1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach."  CDF Firefighters v. Maldonado, 158 Cal.App.4th 1226, 1239 (2008).  Damages are an essential element of a breach of contract claim.  Navellier v. Sletten, 106 Cal.App.4th 763, 775 (2003).  The statutory measure of damages for breach of contract is "the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom."  Cal. Civ. Code § 3300.

Defendant contends that Plaintiffs have failed to allege any damages resulting from its alleged breach of the Loan Modification Agreement.  The Court disagrees.  The Complaint expressly alleges that Plaintiffs have incurred $41,803.28 in late fees and other charges as a direct result of Defendant's alleged breach of their agreement.  Compl. ¶ 13. Defendant posits that the Court should disregard these allegations because Plaintiffs have not alleged that they actually paid these fees or had their accounts debited in order to pay them.  Def.'s Reply at 3.  Yet, Defendant fails to cite any authority that Plaintiffs are required under Rule 8(a) to allege that level of detail in order to state a claim for breach of contract.  Moreover, Defendant ignores Plaintiffs' allegation that Defendant has refused since August 2010 to accept any payments from Plaintiff.  Given such allegations, Defendant's unsupported assertion that Plaintiffs should have alleged that they actually paid the late fees is illogical.

IV. <u>**CONCLUSION**</u>

For the reasons set forth above,

IT IS HEREBY ORDERED THAT:

1. Defendant's motion to dismiss is DENIED.

2. This Order terminates Docket No. 15.

3. The parties shall appear for a telephonic Case Management Conference on **<u>July 20, 2011 at 3:30 p.m.</u>**  The parties shall meet and confer prior to the conference and shall prepare a joint Case Management Conference Statement which shall be filed no later than ten (10) days prior to the Case Management Conference.  The statement shall comply with the Standing Order for All Judges of the Northern District of California and the Standing Order of this Court.  Plaintiffs shall be responsible for filing the statement as well as for arranging the conference call.  All parties shall be on the line and shall call (510) 637-3559 at the above indicated date and time

IT IS SO ORDERED.

Dated: June 20, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge